STATE OF HAWAII, Plaintiff-Appellee *v.* PAUL P. REYES, III, also known as Platon S. Reyes, Defendant-Appellant

NO. 8571

NOVEMBER 1, 1983

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, WAKATSUKI, JJ.

*Per Curiam.* Upon a trial by jury, the defendant was found guilty of escape in the second degree from Oahu Community Correctional Center, in violation of HRS § 710-1021. The defendant offered the defense of necessity (HRS § 703-302). He appeals from the judgment and sentence of the circuit court, alleging abuse of discretion by the court below in admitting evidence of two prior escape convictions and of his life sentence with possibility of parole, which he was serving at the time of his escape.

Prior to trial, appellant's attorney made a motion in limine to exclude evidence of the crimes for which appellant was convicted, arguing such evidence was irrelevant and prejudicial. The court below granted the motion conditionally, ruling that such evidence would be admitted if it developed during the trial that it would be proper under Rule 404, Hawaii Rules of Evidence.

When the appellant raised the defense of necessity, the State's attorney moved to admit the evidence of appellant's two prior escape convictions and the life sentence with possibility of parole. The lower court ruled the evidence admissible, exercising the condition it had attached to its earlier granting of appellant's motion in limine.

On his appeal, appellant contends the trial court abused its discretion because the admission into evidence of his two prior escape convictions and his life sentence substantially prejudiced him to the jury, failed to rebut his defense of necessity, and did not prove an element of the crime charged, contrary to Rules 403 and 404, Hawaii Rules of Evidence.[1]

---

[1] Rule 403, Hawaii Rules of Evidence provides:

Exclusion of relevant evidence on grounds of prejudice, confusion or waste of time. Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence.

Rule 404, Hawaii Rules of Evidence provides:

Character evidence not admissible to prove conduct; exceptions; other crimes.
(a) Character evidence generally. Evidence of a person's character or a trait of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

(1) Character of accused. Evidence of a pertinent trait of his character offered by an accused, or by the prosecution to rebut the same;

(2) Character of victim. Evidence of a pertinent trait of character of the victim of the crime offered by an accused, or by the prosecution to rebut the same, or evidence of a character trait of peacefulness of the victim offered by the prosecution in a homicide case to rebut evidence that the victim was the first aggressor;

(3) Character of witness. Evidence of the character of a witness, as provided in rules 607, 608, 609, and 609.1.

(b) Other crimes, wrongs, or acts. Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in

In *State v. Morishige,* 65 Haw. 354, 363-64, 652 P.2d 1119, 1127-28 (1982) this court found no abuse of discretion where the trial court admitted evidence of the defendant's prior history of criminal and antisocial behavior, since the evidence was relevant, had a tendency to establish an element of the offense charged, and was elicited to rebut a defense.

The court below, in admitting the evidence of appellant's two prior escape convictions, ruled that the evidence was relevant for the purpose of rebutting the defense of necessity. The court also admitted evidence of appellant's life sentence with possibility of parole, as relevant for the purpose of proving the intent element of the charged offense.

On a reading of the record, we find support for the trial court's ruling that the evidence was of probative value to rebut the defense of necessity. We find no abuse of discretion by the trial court. Affirmed.

*Gary Oakes,* Certified Law Student, University of Hawaii Law School (*Alvin T. Sasaki,* Deputy Public Defender, with him on the briefs), for Defendant-Appellant.

*Lila Le Duc, (Arthur E. Ross,* on the brief), Deputy Prosecuting Attorneys, for Plaintiff-Appellee.

---

conformity therewith. It may, however, be admissible where such evidence is probative of any other fact that is of consequence to the determination of the action, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, modus operandi, or absence of mistake or accident.